UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:                                                                                  CHAPTER 13

**BRITTANY EBSON**                              Bkcy. Case No. 19-16576-mdc

Debtor.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **DEBTOR'S COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY**

1.   Plaintiff, Brittany Ebson, is the debtor in the underlying bankruptcy case and operates and maintaines an active possessory interest at 2745 Germantown Avenue, Philadelphia, PA 19133 ("Subject Property").

2.   Defendant, Devon Moore. is an adult individual residing at 651 Greenbriar Road, Elkins Park, PA 19027 and is the alleged owner of the property located at 2745 Germantown Avenue.

3.   Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 157 (b)(1) in that this action arises under the Chapter 13 bankruptcy case In re Brittany Ebson, filed in this district and division and is a core proceeding.

4.   Plaintiff filed this Chapter 13 case on October 21, 2019. A true and correct copy of the Notice of filing is attached hereto and made a part hereof as Exhibit "A".

5.   Therefore, it is debtor's belief that an order for relief was entered in this case on that same date, October 21, 2019, pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection and repossession of property against the Debtor.

6.   On October 21, 2019, Defendant was engaged in litigation regarding the subject property as Docket #190703670 in the Court of Common Pleas Philadelphia County.

7. On September 23, 2019, this Philadelphia Court of Common pleas entered judgment of possession in favor of the defendant and against the plaintiff. A Copy of the Court's Order is attached hereto, made a part hereof and is marked Exhibit "B". It should be noted that said order expressly states that no possession is to be obtained before 30 days of the Court's Order. As Plaintiff's bankruptcy was filed on the 28th day and prior to the 30 days allowed by the order, defendant willfully after knowing plaintiff had filed for bankruptcy protection violated the automatic stay provisions by his unlawful lockout.

8. Debtor herein avers that it provided notice of said bankruptcy filing to defendant both verbally and through email on October 21, 2019.

9. It is believed, and therefore alleged, that Defendant received ample notice of plaintiff's bankruptcy filing but nonetheless chose to lock plaintiff out of the property.

10. Defendant's conduct was willful, purposeful and intentional. Moreover, correspondence between the parties confirms the lockout of repossession was intentional and purposeful.

11. As of the date of the filing of this complaint, Defendant has not taken any remedial action and has caused a lockout of the subject property and interference with her business in violation of the automatic stay.

12. The Defendant's conduct has caused Plaintiff to experience loss of property, loss of income, worry and concern that are separate and apart from the anxiety she has felt about her bankruptcy. Plaintiff's reactions and emotions are not fleeting or inconsequential. She has suffered significant emotional harm as a result of Defendant's conduct in willfully violating the automatic stay. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. She suffered actual damages in the forms of out-of pocket expenses, attorney's fees, and emotional distress.

13. Plaintiff asks that this Court void all action with respect to the unlawful lockout of the subject property.

## Count I – Stay Violation

14. The foregoing paragraphs are incorporated herein by reference.

15. Defendant's conduct violated 11 U.S.C. § 362(a)

**WHEREFORE**, Plaintiff requests an Order declaring the Defendant guilty of civil contempt by violating the automatic stay; and awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) and for contempt of court.

## Count II – Attorney's Fees

16. The foregoing paragraphs are incorporated herein by reference.

17. Plaintiff is entitled to attorney's fees pursuant to 11 U.S.C. § 362(k).

**WHEREFORE**, Plaintiffs request an award of reasonable attorney's fees pursuant to 11 U.S.C. § 362(k).

Date: October 22, 2019

By: _____
Robert C. Leite, Esquire
6950 Castor Avenue
Philadelphia, PA 19149
(267) 388-9989

# EXHIBIT A

United States Bankruptcy Court
Eastern District of Pennsylvania

# Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 10/21/2019 at 2:09 PM and filed on 10/21/2019.

**Brittany Ebson**
2239 N. Woodstock Street
Philadelphia, PA 19132
SSN / ITIN: xxx-xx-4927
*dba* **Day care Center**

| The case was filed by the debtor's attorney: | The bankruptcy trustee is: |
|---|---|
| **ROBERT CAPTAIN LEITE-YOUNG**<br>Roach & Leite, LLC<br>6950 Castor Avenue<br>Philadelphia, PA 19149<br>267-388-9972 | **WILLIAM C. MILLER, Esq.**<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105<br>215-627-1377 |

The case was assigned case number 19-16576-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |

# EXHIBIT B

8

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Moore

v.

Ebson

July TERM, 2019

NO. 03670

Moore Etal Vs Ebson-WSFFD

19070367000014

### ORDER

AND NOW, this 23rd day of September 2019, upon consideration of the evidence the Court finds in favor of the Landlord, Mr. Moore, and against Tenant, Ms. Ebson. The Landlord is awarded $4,820.43 for non-payment of back rent, utility bills, repair of floors and late fees. The Court grants possession to the landlord 30 days from the date of this Order. The Tenant - Ebson is to vacate the subject premises located at 2745 Germantown Avenue in Philadelphia, PA no later than October 21, 2019 at 12 noon. Any personal belongings remaining in the subject premises after October 21, 2019 are deemed abandoned and can be discarded by the Landlord.

BY THE COURT: Police/Sheriff assist, if necessary.

_____ J.