IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | CHAPTER 13 |
| **BRITTANY EBSON** | |
| Debtor. | Case No. 19-16576-mdc |
| **BRITTANY EBSON** | |
| Plaintiff, | Adversary No. 19-00206 |
| v. | |
| | **AMENDED COMPLAINT** |
| **DEVON MOORE, ET AL** | |
| Defendant | |
| **William C. Miller, Esq. Chapter 13 Trustee** | |
| Interested Party | |

### AMENDED ADVERSARY COMPLAINT

Debtor Brittany Ebson ("Plaintiff") by her undersigned attorney, hereby avers and complains against Devon Moore and Tinya Moore whom are jointly and severally liable for damages and harm incurred by the plaintiff.

### NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105 and 541 and 542 of title 11 of the United States Code (the "Bankruptcy Code ") seeking damages from the defendants.

### JURISDICTION

2. This is an adversary proceeding brought pursuant to II U.S.C. §§ 105, 362(k), 506(a) and (d) and 1322(b)(5) AND 28 U.S.C.§§ 1334 AND 157.

3. Jurisdiction over the subject matter of this adversary proceeding is conferred upon the Court by 28 U.S.C. § 1344.

4. This adversary proceeding is a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2)(F)(I) in that this action arises under the Chapter 13 bankruptcy case, In re Brittany Ebson, filed in this district and division and is a core proceeding.

## PARTIES

5. Plaintiff, Brittany Ebson, is the debtor in the underlying bankruptcy case and maintains an active possessory interest at 2745 Germantown Avenue, Philadelphia, PA 19133 ("Subject Property").

6. Defendant, Devon Moore (hereinafter "Defendant D"), is an adult individual residing at 651 Greenbriar Road, Elkins Park, PA 19027 and is the alleged owner of the property located at 2745 Germantown Avenue.

7. Defendant, Tinya Moore (hereinafter "Defendant T"), is an adult individual residing at 651 Greenbriar Road, Elkins Park, PA 19027 and is the alleged owner of the property located at 2745 Germantown Avenue.

## FACTUAL BASIS

8. Plaintiff filed this Chapter 13 case on October 21, 2019. A true and correct copy of the Notice of filing is attached hereto and made a part hereof as Exhibit "A".

9. Therefore, it is debtor's belief that an order for relief was entered in this case on that same date, October 21, 2019, pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection and repossession of property against the Debtor.

10. On October 21, 2019, Defendant's D and T were engaged in litigation regarding the subject property as Docket #190703670 in the Court of Common Pleas Philadelphia County.

11. On September 23, 2019, this Philadelphia Court of Common pleas entered judgment of possession in favor of the defendant and against the plaintiff. A Copy of the Court's Order is attached hereto, made a part hereof and is marked Exhibit "B". It should be noted that said order expressly states that no possession is to be obtained before 30 days of the Court's Order. As Plaintiff's bankruptcy was filed on the 28th day and prior to the 30 days allowed by the order, defendant willfully after knowing plaintiff had filed for bankruptcy protection violated the automatic stay provisions by his unlawful lockout.

12. Debtor herein avers that it provided notice of said bankruptcy filing to defendants D and T both verbally and through email on October 21, 2019.

13. It is believed, and therefore alleged, that Defendant's D and T received ample notice of plaintiff's bankruptcy filing but nonetheless chose to lock plaintiff out of the property.

14. It is believed and therefore averred that Defendant T encouraged Defendant D to perform an illegal, unlawful and improper lock-out of Plaintiff's day care on October 21, 2019.

15. Defendant D, without notice and upon the encouragement of Defendant T, scared harassed and aggressively awoke sleeping children in order to perform a removal and lockout of Plaintiff and her respective business interests during the early hours at 2745 Germantown Avenue.

16. Defendants D and T's conduct was willful, purposeful and intentional. Moreover, correspondence between the parties confirms the lockout of repossession was intentional and purposeful.

17. Defendant T sought the removal of Plaintiff prior to the expiration of the Philadelphia Court of Common Pleas Court order so that she and Defendant D could takeover plaintiff's business.

18. As of the date of the filing of this complaint, Defendants' have not taken any remedial action and caused a lockout of the subject property and interference with plaintiff's business in violation of the automatic stay.

19. The Defendants D and T's conduct has caused Plaintiff to experience loss of property, loss of income, worry and concern that are separate and apart from the anxiety she has felt about her bankruptcy. Plaintiff's reactions and emotions are not fleeting or inconsequential. She has suffered significant emotional harm as a result of Defendants' conduct in willfully violating the automatic stay. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. She suffered actual damages in the form a business shut down, of out-of pocket expenses, attorney's fees, and emotional distress.

20. Plaintiff asks that this Court void all action with respect to the unlawful lockout of the subject property and compensate plaintiff for all losses suffered; award punitive damages for defendants' willful conduct.

## COUNT I - STAY VIOLATION

21. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as though fully set forth at length.

22. Plaintiff avers that this case is not a complicated matter. Plaintiff filed the underlying Chapter 13 case on October 21, 2019. The defendants were notified of the subject filing. Therefore, it is debtor's belief that an order for relief was entered in this case on that same date, October 21, 2019, pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant

to 11 U.S.C. § 362(a) of all debt collection and repossession of property against the Debtor. In light of the notice of filing, defendants still undertook an unlawful, willful and tortious lockout of debtor's daycare.

23. Upon re-entry of the subject premises for inspection, the plaintiff learned that numerous electronic items, tools of trade, personal affects, and business related property had been destroyed and/or removed from the property without the consent of the plaintiff. Moreover, defendants unlawful action has effectively destroyed and closed plaintiff's business. All conduct and action taking place after the plaintiff had filed the underlying bankruptcy case.

24. Defendants' conduct violated 11 U.S.C. § 362(a)

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in favor of plaintiff and against the defendants for the value of all property removed and/or destroyed, loss of business income, good-will, actual damages in the form of out-of pocket expenses, attorney's fees, and emotional distress in an amount in excess of $150,000.00; declare defendants guilty of civil contempt by violating the automatic stay; and awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) and for contempt of court. and for such other relief as the court deems just and proper.

### COUNT II - WRONGFUL CONVERSION

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as though fully set forth at length.

26. Defendants are liable for wrongful conversion in that, substantial property paid for and owned by the plaintiff, was destroyed and/or removed from the property and plaintiff has not been reimbursed nor received any other benefit as she is now without the use of said property.

27. On information and belief, defendants do not intend to return any of the items that they destroyed and/or removed from the property.

28. Defendants are exercising unlawful control over the subject property and items that they destroyed and/or removed from the property.

29. Defendants have refused and continues to refuse the return the subject property and items that they destroyed and/or removed to the custody and control of the plaintiff.

30. Defendants have no right, title or claim to the ownership over the items that they destroyed and/or removed from the property.

31. Defendants are liable to Plaintiff for the value of items that they destroyed and/or removed from the property.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in its favor and against the defendants for the value of for the value of all property removed and/or destroyed, loss of business income; make defendants liable for payments made by plaintiff for the upkeep and maintenance of the property; in an amount in excess of $25,000.00; and for such other relief as the court deems just and proper.

### Count III - REQUEST FOR INJUNCTIVE RELIEF

32. Plaintiffs incorporate by reference it's allegations in paragraphs 1 through 31 as though fully set forth at length herein.

33. Plaintiff requests that this Honorable Court issue a preliminary injunction directed to defendants requiring them to pay to plaintiffs $500.00 per day and all cost associate with their exclusive occupancy from October 21, 2019 through and including trial.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter the relief as requested.

### Count IV – ATTORNEY'S FEES

34. The foregoing paragraphs are incorporated herein by reference.

35. Plaintiff is entitled to attorney's fees pursuant to 11 U.S.C. § 362(k).

**WHEREFORE**, Plaintiffs request an award of reasonable attorney's fees pursuant to 11 U.S.C. § 362(k).

## PRAYER FOR RELEIF

The Plaintiff through undersigned counsel prays for relief by way of actual damages, attorney fees, and punitive damages in the amount of $400,000.00 for the defendant's willful and continuous violations of the automatic stay pursuant to 11 U.S.C. § 362.

Date: July 1, 2020

Respectfully Submitted

By: _____
Robert L. Young, Esquire
6950 Castor Avenue
Philadelphia, PA 19149
(267) 565-8127

# EXHIBIT A

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 10/21/2019 at 2:09 PM and filed on 10/21/2019.

**Brittany Ebson**
2239 N. Woodstock Street
Philadelphia, PA 19132
SSN / ITIN: xxx-xx-4927
*dba* **Day care Center**



| | |
|---|---|
| The case was filed by the debtor's attorney: | The bankruptcy trustee is: |
| **ROBERT CAPTAIN LEITE-YOUNG**<br>Roach & Leite, LLC<br>6950 Castor Avenue<br>Philadelphia, PA 19149<br>267-388-9972 | **WILLIAM C. MILLER, Esq.**<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105<br>215-627-1377 |

The case was assigned case number 19-16576-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |

# EXHIBIT B

8.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Moore

v.

Ebson

July TERM, 2019

NO. 03670

Moore Etal Vs Ebson-WSFFD

19070367000014

**ORDER**

AND NOW, this 23rd day of September 2019, Upon Consideration of the evidence the Court finds in favor of the Landlord, Mr. Moore and against Tenant, Ms. Ebson. The Landlord is awarded $4,820.43 for non-payment of back rent, utility bills, repair of floors and late fees. The Court grants possession to the Landlord 30 days from the date of this Order. The Tenant - Ebson is to vacate the subject premises located at 2745 Germantown Avenue in Philadelphia, PA no later than October 21, 2019 at 12 noon. Any personal belongings remaining in the subject premises after October 21, 2019 are deemed abandoned and can be discarded by the Landlord

BY THE COURT: Police/Sheriff assist, if necessary.

[signature] J.